IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02572-BNB

JEFFERY T. ALLEN,

      Plaintiff,

v.

THE BOULDER SHELTER FOR THE HOMELESS, and
MR. GREG HARMS, Acting Agent/Executive Director,

      Defendants.

_____

ORDER OF DISMISSAL

_____

      Plaintiff, Jeffery T. Allen, has filed *pro se* a Complaint (ECF No. 1). The Court

must construe the Complaint liberally because Mr. Allen is not represented by an

attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid

claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's

failure to cite proper legal authority, his confusion of various legal theories, his poor

syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*,

935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant.

*See id.*

      Mr. Allen has been granted leave to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if Mr.

Allen's claims are frivolous or malicious. A legally frivolous claim is one in which the

plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts

that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  For the reasons stated below, the Court will dismiss the action as legally frivolous and malicious.

Mr. Allen's claims in the Complaint arise out of an incident in June 2011 that resulted in his eviction from the Boulder Shelter for the Homeless ("the Shelter").  Mr. Allen alleges that he was evicted because he violated the Shelter's major weapons policy by entering the Shelter with a pocketknife.  Mr. Allen specifically contends that he has short term memory problems stemming from a traumatic brain injury and that staff members at the Shelter failed to ask him if he had any weapons to turn in when he entered the Shelter on June 6, 2011.  Mr. Allen maintains that this action arises under 42 U.S.C. § 1985(3) and that his rights under Title III of the Americans with Disabilities Act (ADA) were violated.  He seeks damages as relief.

Mr. Allen has filed four other lawsuits against the same Defendants stemming from the same incident that raise similar, if not identical, claims.  *See Allen v. Boulder Shelter for the Homeless*, No. 13-cv-01475-LTB (D. Colo. Aug. 21, 2013); *Allen v. Boulder Shelter for the Homeless*, No. 13-cv-01496-LTB (D. Colo. June 13, 2013); *Allen v. Boulder Shelter for the Homeless*, No. 13-cv-01497-LTB (D. Colo. June 13, 2013); *Allen v. Boulder Shelter for the Homeless*, No. 13-cv-01498-LTB (D. Colo. June 13, 2013).  The Court dismissed three of these actions--case numbers 13-cv-01496-LTB, 13-cv-01497-LTB, and 13-cv-01498-LTB--as legally frivolous and malicious because they were repetitious of the first action--case number 13-cv-01475-LTB.  The Court ultimately dismissed case number 13-cv-01475-LTB because Mr. Allen's claim for damages under Title III of the ADA is legally frivolous.

2

Mr. Allen again seeks an award of damages because his rights under Title III of the ADA allegedly were violated in June 2011.  The instant action is legally frivolous and malicious.  "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (quotation marks and alteration omitted).  The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims. *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972).  The Court has consulted its records and finds that any claim under Title III of the ADA is repetitive of the claims raised in case number 13-cv-01475-LTB.

Mr. Allen's claim under 42 U.S.C. § 1985(3) also is legally frivolous.  "The essential elements of a § 1985(3) claim are:  (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).  With respect to the conspiracy element, § 1985(3) applies only to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).  To the extent a § 1985(3) claim can be based on a non-racially motivated private conspiracy,

> it is necessary to plead, *inter alia*:
>
> 1. that the conspiracy is motivated by a class-based invidiously discriminatory animus; and
>
> 2. that the conspiracy is aimed at interfering with rights that by definition are protected against private, as well as official, encroachment.

*Tilton*, 6 F.3d at 686.

Mr. Allen fails to allege specific facts to support the existence of the asserted conspiracy.  *See Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) (noting that conclusory allegations of a conspiracy are not sufficient).  Furthermore, he does not contend that the alleged conspiracy to deprive him of his rights was racially motivated and he fails to identify any other class-based invidiously discriminatory animus on which to base his § 1985(3) claim or that such a conspiracy was aimed at interfering with a right that is protected against private as well as public encroachment.  Therefore, the Court finds that any claim Mr. Allen may be asserting pursuant to § 1985 is legally frivolous and must be dismissed.

For these reasons, the instant action will be dismissed as legally frivolous and malicious.  In addition, Mr. Allen again is warned that the Court can and will impose appropriate sanctions if he persists in engaging in abusive litigation tactics.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Complaint and the action are dismissed as legally frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this _27th_ day of __September_____, 2013.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

5